IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA

| | |
|---|---|
| MARCELA MARABELLI, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>LPH INC.<br>D/B/A NORTHWEST COLLECTORS,<br><br>    Defendant. | Docket No.<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Marcela Marabelli ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, against Defendant LPH, Inc. d/b/a Northwest Collectors ("Defendant" or "Northwest"), individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages arising from the Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Montana, County of Missoula.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1), with an address at 1235 Kensington Avenue, Missoula, Montana 59806.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Montana;

    b. to whom Defendant sent at least one (1) collection letter, attempting to collect a consumer debt;

    c. with each letter failing to state the date on which the alleged debt was incurred by said individuals; and

    d. which letter was sent on or after a date of one (1) year prior to the filing of this action and on or before March 12, 2025.

    The Sub-Class consists of:

    a. all individuals with addresses in the State of Montana;

    b. to whom Defendant sent multiple first collection letters, attempting to collect a consumer debt;

    c. with each letter stating conflicting amounts allegedly owed by consumers; and

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before March 12, 2025.

3

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over

      any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

  c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint 1 through 19 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. At some time prior to March 12, 2024, Plaintiff allegedly incurred an obligation with Clark Fork Dental ("CFD") arising out of a transaction where Plaintiff received dental services.

22. The alleged CFD obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and as defined by 12 CFR § 1006.2(h).

23. CFD is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

24. Upon information and belief, CFD contracted Defendant to collect the alleged debt.

25. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violation I – March 12, 2024 Letter*

26. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 25 above herein with the same force and effect as if the same were set forth at length herein.

27. On March 12, 2024, Defendant sent Plaintiff a collection letter regarding the debt owed to CFD. *See* "Letter 1" attached hereto as **Exhibit A**.

28. Letter 1 states, in relevant part:

    NORTHWEST COLLECTORS is a debt collector. We are trying to collect a debt that you owe to CLARK FORK DENTAL. We will use any information you give us to help collect the debt.

    As of  ,you owed:                    $862.67
    Between   and today:
    You were charged this amount in interest+   $  0.00
    You paid or were credited this amount
    toward the debt:                      -  $  0.00

    **Total amount of the debt now:         $862.67**

    *See* Exhibit A.

29. Defendant failed to include the date when Plaintiff originally incurred the debt or any itemization date for Plaintiff to have as a reference.

30. Defendant states: "As of  , you owed: $862.67." *Id.*

31. Further, on the next line when Defendant itemized the interest, Defendant states: "Between   and today:" *Id.*

32. Again, Defendant doesn't state the time period on which the alleged debt incurred, as well as the time period for the interest charges.

33. Plaintiff had no information as to when the alleged debt incurred and the time period for the interest charge.

34. These are material terms that were omitted by the Defendant.

7

35. The omission of such material terms, creates confusion, ambiguity, and uncertainty as to the veracity and validity of the debt.

*Violation II – May 14, 2024 Letter*

36. On May 14, 2024, Defendant sent Plaintiff another initial collection letter regarding the debt Plaintiff allegedly owed to CFD. *See* "Letter 2" attached hereto as **Exhibit B**.

37. Letter 2 states in relevant part:

    NORTHWEST COLLECTORS is a debt collector. We are trying to collect a debt that you owe to CLARK FORK DENTAL. We will use any information you give us to help collect the debt.

    | | |
    |---|---|
    | As of  ,you owed: | $862.67 |
    | Between   and today: | |
    | You were charged this amount in interest+ | $ 90.99 |
    | You paid or were credited this amount toward the debt: | -   $ 0.00 |
    | **Total amount of the debt now:** | **$953.66** |

    *See* Exhibit B.

38. Again, Defendant failed to include the date on which Plaintiff allegedly incurred the debt.

39. Further, Defendant failed to include the time period on which the interest accrued.

40. Moreover, the total amount on Letter 2 ($953.66) was inconsistent with the total amount stated on Letter 1 ($862.67).

41. Further, on Letter 2, it states a charge of $90.99 for interest accrued from a date that is unknown to the Plaintiff due to Defendant's omission.

42. Plaintiff has no way of knowing when the alleged debt incurred.

43. Plaintiff has no way of knowing the time period for the interest accrual.

44. By omitting the date from when the alleged debt was incurred and from when the $90.99 in interest accrued, creates ambiguity, confusion, and uncertainty as to the veracity and validity of the debt and all accompanying fees.

45. Given that these letters both appear to be initial collection letters, it would impossible for the balance to change.

46. Additionally, the first letter did not state that interest would be accruing so it impossible that the debt would have increased.

47. Further, letters that lack dates combined with blatant typos in the form of omissions in the middle of sentences (such as "[a]s of,   you owed" and "[b]etween   you owed") creates a strong appearance of illegitimacy.

48. A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inaccurate, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

49. The fact that Defendant repeatedly failed to state a material term such as the date on which Plaintiff incurred the debt in both Letter 1 and Letter 2, and the date from when the amount of $90.99 in interest accrued, and the fact that the aforementioned letters had inconsistent total amounts, was suspicious, misleading, and out of character for a legitimate debt collection.

50. Therefore, Defendant's omissions and inconsistencies cast a negative shadow over its debt collection practice in general.

51. By withholding the date of the alleged debt and the time period that interest accrued, Defendant withheld material terms from Plaintiff which made it confusing for her to understand the nature of the subject debt.

52. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

53. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

54. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

55. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

56. One important element of consumer protection revolves around keeping the consumer informed.

57. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

58. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

59. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

60. As dating the period that the debt incurred and dating the period that interest accrued is so basic in the business world, the fact that Defendant made such material omissions arouses suspicion as to their underlying motivations for doing so.

61. The failure to date when the alleged debt incurred and interest accrual period coupled with the fact that on its face, the letters have multiple blatant omissions ("As of,  you owed" ; "Between  and today") create the appearance of an unprofessional attempt to collect a debt from a copy paste form that may or may not be a valid debt.

62. Further, such omissions make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

63. Moreover, Letter 2 stated a conflicting higher amount than the total amount of $862.67 owed in Letter 1; in Letter 2, the total amount owed is $953.66. *See* Exhibit B.

64. Although the letter states an additional charge of $90.99 due to interest, the letter fails to state the date from when the interest accrued.

65. Thereby Plaintiff did not have the full picture as to the interest charge aside from the missing material information related to the actual debt.

66. Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

67. Plaintiff's failure to pay the debt arose from the collection Letters because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

68. That harm would further materialize because Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what his options and possible responses could or should be.

69. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

70. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this alleged debt.

71. Plaintiff was uncertain about the legitimacy of the Letter and misled to her detriment by the statements and/or omissions in the dunning Letter, and relied on the contents of the Letter to her detriment.

72. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

73. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of the debt collection informational furnishment, and ultimate dissemination, to third parties.

74. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused Defendant's furnishment, and ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

75. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

76. Plaintiff was misled and made uncertain to her detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to her detriment.

77. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of the law, the debt collector has harmed the consumer.

78. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

79. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 78 above herein with the same force and effect as if the same were set forth at length herein.

80. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

81. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

82. Defendant violated §1692e:

    a. by repeatedly omitting the date on which the debt was incurred;

    b. by repeatedly omitting the date from when the interest began to accrue;

    c. by stating inconsistent total amounts owed in multiple letters with missing material information;

    d. and by making a false and misleading representation/omissions in violation of §1692e(10).

83. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

84. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 78 above herein with the same force and effect as if the same were set forth at length herein.

85. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

86. Pursuant to 15 USC §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

87. Defendant violated §1692f:
    1. by repeatedly omitting the date on which the debt was incurred;
    2. by repeatedly omitting the date from when the interest began to accrue;
    3. and by stating inconsistent total amounts owed in multiple letters.

88. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

# COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. §1692g *et seq.*

89. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 78 above herein with the same force and effect as if the same were set forth at length herein.

90. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

91. Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

92. Defendant violated Section 1692g(a)(1):

    a. Failing to properly provide the amount of the debt, by pegging it to an unknown date; and

    b. by stating conflicting amounts on two different letters for the same debt.

    c. By not disclosing that interest would be accruing.

    d. By sending multiple g notices for the same debt.

93. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

94. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Marcela Marabelli, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

    1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and undersgined as Class Counsel;

    2. Awarding Plaintiff and the Class statutory damages;

    3. Awarding Plaintiff and the Class actual damages;

    4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 12, 2025

/s/ Dawn M. McCraw
Dawn M. McCraw
CONSUMER JUSTICE
8245 N. 85th Way
Scottsdale, AZ 85258
T: (602)-807-1527
E: dmccraw@consumerjustice.com
Attorney For Plaintiff